IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMAR SHANTAE PAXTON, JR.,   )<br>    Plaintiff,   ) | Case No. 7:23-cv-00355 |
|     )<br>v.   )<br>    ) | By: Michael F. Urbanski |
| CENTRAL INTELLIGENCE AGENCY, )<br>    Defendant.   ) | Chief United States District Judge |

## MEMORANDUM OPINION

Jamar Shantae Paxton, Jr., a Virginia inmate proceeding pro se, commenced this action against the Central Intelligence Agency ("CIA") by filing a form complaint for use by inmates seeking to pursue claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The case is presently before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

## Background

Paxton's original complaint named the CIA as the sole defendant. Compl., ECF No. 1, at 1. He asserted in a conclusory fashion that "a lot of amendments" had been violated. Id. at 2.

By order entered August 30, 2023, Paxton was advised that his complaint did not name a proper defendant to a civil rights action under § 1983 or Bivens. Order, ECF No. 10, at 1. He was given thirty days in which to file an amended complaint that named one or more proper defendants and included a statement of facts in support of his claims. Id. at 2.

Paxton filed an amended complaint on September 25, 2023. The amended complaint also names the CIA as the sole defendant. Am. Compl., ECF No. 11, at 1. The pleading does not set forth any specific claims or supporting facts. In the space provided for the "Statement of Claims(s)," Paxton responded "N/A." Id. at 2.

## Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## Discussion

Paxton's amended complaint must be dismissed for at least two reasons. First, the CIA, a federal agency, is not a proper defendant in a civil rights action under § 1983 or Bivens. "Section 1983 imposes liability on any person who, under color of state law, deprives another person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Doe v. Kidd, 501 F.3d 348, 355 (4th Cir. 2017) (emphasis added) (quoting 42 U.S.C. § 1983). The statute "does not create a remedy against a federal agency." Osher v. City of St. Louis, 903 F.3d 698, 702 (8th Cir. 2018). Likewise, the Supreme Court's decision in Bivens does not

provide a cause of action against federal agencies. FDIC v. Meyer, 510 U.S. 471, 486 (1994). Instead, the Court "implied a cause of action for damages against federal agents who allegedly violated the Constitution." Id. at 473.

Second, even if Paxton had named a proper defendant, neither his original complaint nor the amended complaint contains sufficient factual content to state a plausible constitutional claim. Merely alleging that constitutional amendments have been violated does not satisfy the federal pleading standard. See Iqbal, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks, brackets, and citations omitted).

## Conclusion

For the foregoing reasons, the court concludes that this action must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: November 6, 2023

*Digitally signed by Michael F. Urbanski Chief U.S. District Judge*
*Date: 2023.11.06 15:32:25 -05'00'*

Michael F. Urbanski
Chief United States District Judge